UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>JOHN M. JULIAN<br>A/K/A QUALITY CARPENTRY<br><br>                      Debtor<br><br>**LSF9 MASTER PARTICIPATION TRUST**<br>                      Movant<br>                      v.<br>JOHN M. JULIAN<br>A/K/A QUALITY CARPENTRY<br>                      Respondent | : : : : : : : : : : : : : | BK. No. 5:17-04003 JJT<br><br>Chapter No. 13 |

## OBJECTION OF LSF9 MASTER PARTICIPATION TRUST
## TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

     Movant, **LSF9 MASTER PARTICIPATION TRUST** (hereinafter referred to as "Movant"), by its attorneys Phelan Hallinan Diamond & Jones, LLP hereby objects to confirmation of the Debtor's Chapter 13 Plan as follows:

1. Movant is **LSF9 MASTER PARTICIPATION TRUST**.

2. Debtor, JOHN M. JULIAN A/K/A QUALITY CARPENTRY, is the owner of the property located at 60 KIMBERLY ROAD, DELAWARE WATER GAP, PA 18327.

3. On February 16, 2018, Movant filed Proof of Claim listing pre-petition arrears in the amount of $166,307.76. A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

4. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

5. Debtor's Plan provides for the Debtor's pursuit of a loan modification. Debtor's Plan is speculative in nature in that the Plan contemplates curing the arrears through a loan modification that has neither been offered nor approved. A copy of the Debtor's Plan is attached hereto as Exhibit "B" and made a part hereof.

6. Debtor's Plan does not list a time frame for the completion of the loan modification. This ambiguous treatment of Movant's valid, secured first position mortgage lien is unreasonable.

7. Movant objects to Debtor's Plan as the Plan needs to fund the arrears owed to Movant during the term of the Plan rather than rely on speculation that is based on the possibility of a loan modification that has neither been offered nor approved. Further, Debtor's Plan needs to provide for on-going, post-petition regular monthly mortgage payments to Movant. Confirmation of the Debtor's proposed Plan should be denied.

WHEREFORE, **LSF9 MASTER PARTICIPATION TRUST** respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

Respectfully Submitted,

/s/ James A. Prostko, Esquire
James A. Prostko, Esq., Id. No.27221
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext 31501
Fax Number: 215-568-7616
Email: james.prostko@phelanhallinan.com

# Exhibit "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOHN JULIAN, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | CASE NO: 5:17-bk-04003-JTT |

### NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

Debtor, John Julian, by and through his attorney, Patrick J. Best, Esquire, of ARM Lawyers, has filed a Second Amended Chapter 13 Plan with the court.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have on in this Bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

1. On or before **April 3, 2018**, you or your attorney must do the following:

    a. File a response or objection explaining your position at

    Office of the Bankruptcy Clerk
    274 Max Rosenn U.S. Courthouse
    197 South Main Street
    Wilkes-Barre, PA 18701

    If you mail your answer to the Bankruptcy Clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

    b. Mail a copy of the Movant's attorney

    Patrick J. Best, Esquire
    ARM Lawyers
    18 N. 8th St.
    Stroudsburg PA 18360

2. If you or your attorney does not take the steps described I paragraphs 1(a) and 1(b) above, the court may confirm the Second Amended Chapter 13 Plan.

3. A Confirmation Hearing is scheduled to be held before the Honorable John J. Thomas on **April 10, 2018 at 9:30 a.m**. in Courtroom Number 2, United States Bankruptcy Court, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701.

4. Any objections to the confirmation of the plan will be heard at the above-scheduled Confirmation Hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

Date: February 26, 2018

/s/ Patrick J. Best
Patrick J. Best, Esquire
Attorney for Debtor
ARM Lawyers
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **Julian, John M.** | : | |
| | : | CASE NO. 5:17-bk-04003-JJT |
| | : | |
| | : | ___ ORIGINAL PLAN |
| | : | _X_ SECOND AMENDED PLAN |
| | : | [0] Motions to Avoid Liens |
| | : | [0] Motions to Value Collateral |

## SECOND AMENDED CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

    1. To date, the Debtor paid $**220.45** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$8,427.55**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (10/2017) | Month 5 (2/2018) | | | Paid to Date | $220.45 |
| Month 6 (3/2018) | Month 60 (9/2022) | $149.22 | | $149.22 | $8,207.10 |
| | | | | Total Payments: | $8,427.55 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:   ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    Check one of the following two lines.

    ☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2.    SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one*.

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| **Bayview Loan Servicing LLC** | **Residential Dwelling** | 0.00 | | Please Refer to Section 9 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check one*.

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **Delaware Water Gap Municipal Authority** | **Residential Dwelling** | 841.20 | 0.00 | 841.20 |

    **E. Secured claims for which a § 506 valuation is applicable**. *Check one*.

    ☐ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

    ☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **JP Morgan Chase Bank** | **Second Mortgage on Residential Dwelling** | $0.00 | | $0.00 |

    **F. Surrender of Collateral**. *Check one*.

    ☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

    **G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one*.

    ☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3.    PRIORITY CLAIMS.**

    **A. Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $**1,630.00** already paid by the Debtor, the amount of $**2,510.28** in the plan **($2,370.00 remaining attorney fee plus $140.28 for reimbursement of expenses)**.s. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Commonwealth of Pennsylvania (Claim 1-1)** | $4,451.45 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

4. **UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

7. **DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Debtor acknowledges arrears to his primary mortgage (in the approximate amount of $166,307.76), however the Debtor will be filing for a mortgage modification which, if successful, would restructure his arrears back into a newly modified mortgage. If the mortgage is not modified within one (1) year, the Debtor will amend his Chapter 13 Plan to include the arrears or to surrender the property as appropriate.

Debtor included an alleged debt to the Internal Revenue Service ("IRS") on Schedule E/F. To date, the IRS has not filed a proof of claim. In the event the IRS files a proof of claim after the plan is confirmed, the claim shall be treated as a general unsecured claim and shall be paid pro rata with other general unsecured creditors. Upon completion of the plan, the alleged debt to the IRS will be discharged regardless of whether the alleged debt would otherwise be considered a priority debt or non-dischargeable debt.

The second lien position mortgage of JP Morgan Chase Bank, its successors, predecessors and assigns, hereinafter referred to as the "Second Lender", is being avoided via this Chapter 13 Plan, which in part, constitutes a Motion to Avoid Lien pursuant to 11 U.S.C. §522(f).

(1) Confirmation of this Plan shall constitute a find that for purposes of the case and all matters relevant thereto, the value of the real property known as 60 Kimberly Road, Delaware Water Gap, PA 18327 (Borough of Delaware Water Gap, Monroe County, Commonwealth of Pennsylvania), and the Deed for this property having been recorded with the Recorder of Deeds in and for Monroe County, Pennsylvania at Monroe County Deed Book Volume 2093; Page: 5021, hereinafter referred to as the "Property," is $139,289.00. Documentation verifying this value is or will be filed of record with this Honorable Court.

(2) Upon confirmation of this Plan, the entire balance owed to the Second Lender shall be deemed a general unsecured claim without further Order of this Honorable Court, provided that:
   a. Second Lender's Claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.
   b. The avoidance of the Second Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge.
   c. Upon receipt of the Debtor's Chapter 13 Discharge and completion of the Debtor's Chapter 13 Plan, the Second Lender shall within a reasonable time arrange to have the second lien position mortgage marked "satisfied" or file a Mortgage Satisfaction Piece with the Monroe County Prothonotary and Recorder of Deeds;

    d. The Second Lender shall retain its lien for the full amount due under the subject loan should be property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Discharge Order;

    e. The Second Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code;

    f. In the event that any entity, including the holder of the first lien on the Property (Bayview Loan Servicing), forecloses on its security interest and extinguishes the Second Lender's Lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, the Second Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale;

    g. In the event that the property is destroyed or damaged, pursuant to the terms of the mortgage, the Second Lender is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

    h. Each party shall bear their own Attorney's fees and costs incurred in this matter.

(3) The Confirmation Order and Discharge Order may be filed with the Recorder of Deeds in and for Monroe County, Pennsylvania, which shall satisfy and avoid the mortgage held by the Second Lender against the Property, as recorded at the Monroe County Recorder of Deeds.

(4) Confirmation of this Plan shall constitute a finding that the lien impaired the Debtor's exemption under 11 U.S.C. §522(d) or applicable Pennsylvania Law in the Property.

Dated: 2/26/18_____                  /s/ Patrick J. Best, Esq._____
                                                             Attorney for Debtor

                                                             /s/ John Julian_____
                                                             Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: JULIAN, JOHN M | CASE NO: 17-4003 |
|---|---|
|  | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
|  | Chapter: 13 |
|  | ECF Docket Reference No. |
|  | Judge: |
|  | Hearing Location: |
|  | Hearing Date: |
|  | Hearing Time: |
|  | Response Date: |

On 2/27/2018, I did cause a copy of the following documents, described below,

Notice of Amended Chapter 13 Plan

Proposed Amended Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically witih the documents described herein per the ECF/PACER system.

DATED: 2/27/2018

/s/ Patrick James Best Esquire
Patrick James Best Esquire  309732
ARM Lawyers
18 N 8th Street
Stroudsburg, PA  18360
570 424 6899
patrick@armlawyers.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JULIAN, JOHN M

CASE NO: 17-4003

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 2/27/2018, a copy of the following documents, described below,

Notice of Amended Chapter 13 Plan

Proposed Amended Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 2/27/2018

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
ARM Lawyers
Patrick James Best Esquire
18 N 8th Street
Stroudsburg, PA  18360

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

*CASE INFO*

1 LABEL MATRIX FOR LOCAL NOTICING
03145
CASE 5-17-BK-04003-JJT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE
TUE FEB 27 11-31-01 EST 2018

2 ATT MOBILITY
PO BOX 537104
ATLANTA GA 30353-7104

3 APEX ASSET MANAGEMENT
1891 SANTA BARBARA DR ST
LANCASTER PA 17601-4106

4 ASSOC CREDIT SERVICES
PO BOX 5171
WESTBORO MA 01581-5171

5 BANK OF AMERICA
PO BOX 27288
TEMPE AZ 85285-7288

6 BAYVIEW LOAN SERVICING LLC
PO BOX 1288 ATTN PAYMENT PROCESSING
BUFFALO NY 14240-1288

*EXCLUDE*

~~7 PATRICK JAMES BEST~~
~~ARM LAWYERS~~
~~18 NORTH 8TH STREET~~
~~STROUDSBURG PA 18360-1710~~

8 BLUE RIDGE COMMUNICATIONS
PO BOX 316
PALMERTON PA 18071-0316

9 CAPITAL ONE NA
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

10 CAVALRY PORTFOLIO SERV
PO BOX 27288
TEMPE AZ 85285-7288

11 CHASE
PO BOX 24696
COLUMBUS OH 43224-0696

12 CHASE MORTGAGE
PO BOX 78420
PHOENIX AZ 85062-8420

13 CHRISTINE L GRAHAM ESQ
123 SOUTH BROAD STREET SUITE 1400
MCCABE WEISBERG  CONWAY PC
PHILADELPHIA PA 19109-1060

14 CITIBANK SOUTH DAKOTA NA
701 E 60TH STREET N
SIOUX FALLS SD 57104-0493

15 COMMONWEALTH OF PENNSYLVANIA
PO BOX 280946
DEPARTMENT OF REVENUE - BANKRUPTCY
DEPT
HARRISBURG PA 17128-0946

16 CHARLES J DEHART III TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

17 DELAWARE WATER GAP MUNICIPAL
AUTHORITY
PO BOX 128
DELAWARE WATER GAP PA 18327-0128

18 DISCOVER FIN SVCS LLC
PO BOX 15316
WILMINGTON DE 19850-5316

19 EOS CCA
700 LONGWATER DR
NORWELL MA 02061-1624

20 FIA CARD SERVICES
PO BOX 15019
WILMINGTON DE 19850-5019

21 GE CAPITAL RETAIL BANK
120 CORPORATE BLVD STE 100
NORFOLK VA 23502-4952

22 HSBC   BOSCOV
5770 NW EXPRESSWAY SUITE 102
CO MILLENIUM FINANCIAL GROUP
OKLAHOMA OK 73132-5238

23 HSBC CARD SERVICES
PO BOX 60501
CITY OF INDUSTRY CA 91716-0501

24 HSBC BOSCOVS CO MILLENNIUM
FINANCIAL GROUP
3000 UNITED FOUNDERS BLVD
SUITE 219
OKLAHOMA CITY OK 73112-4279

25 MARIO JOHN HANYON
PHELAN HALLINAN  SCHMIEG
1617 JFK BLVD
SUITE 1400
PHILADELPHIA PA 19103-1814

26 HSBC BOSCOVS
5770 NW EXPRESSWAY STE 1
WARR ACRES OK 73132-5241

27 INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | *EXCLUDE* | *EXCLUDE* |
|---|---|---|
| 28 JPMORGAN CHASE BANK NA<br>CO FIVE LAKES AGENCY INC<br>PO BOX 80730<br>ROCHESTER MI 48308-0730 | ~~29 JOHN M JULIAN~~<br>~~PO BOX 703~~<br>~~DELAWARE WATER GAP PA 18327-0703~~ | ~~30 JULIAN JOHN M~~<br>~~60 KIMBERLY ROAD~~<br>~~DELAWARE WATER GAP PA 18327~~ |

31 KOHLSCAPONE
PO BOX 3115
MILWAUKEE WI 53201-3115

32 LSF9 MASTER PARTICIPATION TRUST
CO CALIBER HOME LOANS
13801 WIRELESS WAY
OKLAHOMA CITY OK 73134-2500

33 LVNV FUNDING LLC ITS SUCCESSORS AND
ASSIGNS
ASSIGNEE OF CITIBANK SOUTH DAKOTA
NA
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE SC 29603-0587

34 LHR INC
1 MAIN ST
HAMBURG NY 14075-4930

35 LVNV FUNDING LLC
PO BOX 10497
GREENVILLE SC 29603-0497

36 MET ED FIRST ENERGY
101 CRAWFORD CORNER RD
BLDG 1 SUITE 1-511
HOLMDEL NJ 07733-1900

37 METED
FIRSTENERGY
101 CRAWFORDS CORNER RD
BLDG 1  SUITE 1-51
HOLMDEL  NJ 07733-1976

38 MIDLAND FUNDING
8875 AERO DR STE 200
SAN DIEGO CA 92123-2255

39 MILLENNIUM FINANCIAL G
5770 NW EXPRESSWAY STE 1
WARR ACRES OK 73132-5238

40 MONROE COUNTY TAX CLAIM BUREAU
1 QUAKER PLAZA ROOM 104
STROUDSBURG PA 18360-2141

41 PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

42 PENNSYLVANIA DEPARTMENT OF REVENUE
BANKRUPTCY DIVISION PO BOX 280946
HARRISBURG PA 17128-0946

43 PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 100
NORFOLK VA 23502-4952

44 PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

45 SEARSCBNA
PO BOX 6282
SIOUX FALLS SD 57117-6282

46 THOMAS SONG
PHELAN HALLINAN DIAMOND   JONES
1617 JFK BOULEVARD
SUITE 1400
PHILADELPHIA PA 19103-1814

47 SYNCBLOWBRCP
PO BOX 965005
ORLANDO FL 32896-5005

48 THDCBNA
PO BOX 6497
SIOUX FALLS SD 57117-6497

*EXCLUDE*

~~49 UNITED STATES TRUSTEE~~
~~228 WALNUT STREET SUITE 1190~~
~~HARRISBURG PA 17101-1722~~

50 WORLD FINANCIAL NETWORK BANK
1 RIGHTER PKWY STE 100
WILMINGTON DE 19803-1533